COCHRAN v. BROOKS.

APPEAL from the *Ripley* Common Pleas.

PERKINS, J.—Suit by *Brooks* against *Cochran* to recover the price of 500 cross-ties, alleged to have been furnished for the *Ohio and Mississippi Railroad.*

Nov. Term, 1860.

COCHRAN v. BROOKS.

Trial upon the general denial. Judgment for the plaintiff, for his entire demand. The evidence is upon the record, and is as follows:

*John Brooks*, a son of the plaintiff, then about thirteen years' old, was present when, at *Mooreshill*, in the *Spring* of 1853, the defendant, *Cochran*, told his father that he would give him twenty-five cents a piece for cross-ties delivered on the *Ohio and Mississippi Railroad*; that his father delivered 507, demanded the pay for them of *Cochran*, and received for answer that the *Ohio and Mississippi Railroad Company* was the debtor. *Daniel F. Allen* was tie inspector on said railroad, from *July*, 1853, to *August*, 1854, and in the *Spring* of 1854, received of *Brooks* 300 ties by procurement of *Cochran*, and paid *Brooks* for them at the time, and then notified him that no more ties were wanted. *Brooks* delivered 200 more ties, which witness refused to receive. Knows of no other ties delivered by *Brooks*; had been no ties delivered on the road, within three miles of *Mooreshill*, to his knowledge, when he commenced acting as tie inspector in *July*, 1853. *Joseph Finkbine* was conductor of construction train on said railroad from 1853 to 1855. Took ties for road that were delivered at *Mooreshill*. *Brooks* claimed that some ties delivered by him on *Cochran's* procurement had not been paid for, and that the road owed him for them. Had made such claim several times, and had repeated it within a year, with threats.

We think this evidence proves three things. 1. That the railroad company is the debtor for whatever ties were delivered through the agency of *Cochran*, and, hence, should have been sued, as *Brooks* was cognizant of the principal when he contracted with the agent. 2. That 300 of the ties charged in this suit had been paid for. 3. That no definite number was contracted for, and, hence, the company could cease receiving at any time, on notice. The boy was mistaken a year in the time.

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded for further proceedings.

*W. S. Holman*, for appellant.